10-3799-ag
Zhang v. US DOJ

BIA
Mulligan, IJ
A088 379 705

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
>    JON O. NEWMAN,
>    ROBERT A. KATZMANN,
>    DENNY CHIN,
>        *Circuit Judges.*

_____

YUN ZHANG,
>        *Petitioner,*

>    v.                                          10-3799-ag
                                                 NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondents.*

_____

FOR PETITIONER:      David A. Bredin, New York, New York.

FOR RESPONDENTS:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yun Zhang, a native and citizen of the People's Republic of China, seeks review of an August 25, 2010, order of the BIA, affirming the March 12, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Zhang*, No. A088 379 705 (B.I.A. Aug. 25, 2010), *aff'g* No. A088 379 705 (Immig. Ct. N.Y. City Mar. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The

-2-

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zhang's asylum claim was based entirely on his wife's forced abortion.  At the hearing before the IJ, Zhang confirmed that his asylum application contained the complete set of facts concerning his claim and that there was nothing else he wished to add.  However, we have explained that a woman's forced abortion does not qualify as *per se* persecution with respect to her spouse.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007).  Although Zhang argues that he personally suffered emotional harm due to his wife's forced abortion, we have rejected this argument, noting that the "profound emotional loss as a partner and potential parent . . . does not change the requirement that we must follow the 'ordinary meaning' of the language chosen by Congress, according to which an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else."  *Id*. Accordingly, the agency did not err in finding that Zhang was not eligible for asylum and withholding of removal based on his wife's forced abortion.  *See id*.

We note that while a spouse's forced abortion is not *per se* persecution, applicants may base their claims on "persecution that they themselves have suffered or must suffer" on account of their "other resistance" to a coercive family planning policy. *See Shi Liang Lin*, 494 F.3d at 308-10; 8 U.S.C. § 1101(a)(42). Remand for further development of the record is not required, however, because Zhang raises no "other resistance" claim before this Court, nor did so before the agency. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 n.5 (2d Cir. 2007).

Similarly, the agency did not err in finding that Zhang failed to establish eligibility for CAT relief. Contrary to Zhang's argument, the IJ did not err in failing to analyze Zhang's eligibility for CAT relief independently, as Zhang did not raise any independent CAT claim before the IJ. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in

this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk